UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THERESA BARBERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00196-SNLJ |
| | ) | |
| CITY OF PERRYVILLE, and | ) | |
| WILLIAM BUERCK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Theresa Barbero, proceeding *pro se*, filed this lawsuit alleging claims under 42 U.S.C. § 1983 and state law. [Doc. 1]. This matter is before the Court for case review.

This case was initiated by the filing of a complaint and a motion to proceed *in forma pauperis*. [Docs. 1, 2]. However, the documents fail to comply with Local Rule 2.11 because they contain a typed name rather than an original signature. Under Local Rule 2.11, a typed name in a signature block constitutes a signature only if the individual has made an authorized filing through that individual's electronic filing account. Filing a document using a CM/ECF login and password is regarded as signing it under Rule 11. Plaintiff's filing was not made via an electronic filing account. As a result, the documents are deemed unsigned.

The unsigned documents violate Federal Rule of Civil Procedure 11 and Local Rules 2.01. Rule 11 mandates that "every pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented" and requires a court to

strike an unsigned document unless the omission is promptly corrected after notice. Fed. R. Civ. P. 11(a). Local Rule 2.01(A)(1) also requires that all filings "shall contain the signature of the self-represented party or the party's attorney." Therefore, the documents will be stricken, and the case will be dismissed unless plaintiff submits properly signed documents within 14 days.

Additionally, plaintiff has not provided documentation in support of the motion for leave to proceed *in forma pauperis*. Although she claims to have completed and submitted a document outlining her income, assets, and expenses [Doc. 2], no such documentation appears in the record. Plaintiff must either pay the full filing fee or submit a completed Application to Proceed In District Court Without Prepaying Fees or Costs, available on the Court's official website, within 14 days. Failure to do so will result in dismissal of this case.

The Court recognizes that plaintiff is proceeding without counsel. However, all litigants, including self-represented litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Information for self-represented litigants is available on the Court's website, including instructions for filing pleadings via email. *See* https://www.moed.uscourts.gov/self-represented-litigants-srl. Additionally, the Court's Local Rules and a link to the Federal Rules of Civil Procedure are available. *See* https://www.moed.uscourts.gov/helpful-links. A Resource Guide for Self-Represented Litigants and contact information for a Legal Advice Clinic are also available. *See* https://www.moed.uscourts.gov/legal-advice-clinic-self-help-resources.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit duplicate copies of the complaint and the motion to proceed *in forma pauperis*, each bearing an original signature, within 14 days.

**IT IS FURTHER ORDERED** that plaintiff is on notice that a self-represented litigant's pleadings must be signed and that any future filings without an original signature will be summarily stricken.

**IT IS FURTHER ORDERED** that plaintiff must either pay the full filing fee or submit a completed Application to Proceed In District Court Without Prepaying Fees or Costs within 14 days.

**If Plaintiff fails to comply with this Order, the Court may dismiss this action without prejudice and without further notice.**

**SO ORDERED** this 2nd day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE