UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THERESA BARBERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00196-SNLJ |
| | ) | |
| CITY OF PERRYVILLE, and WILLIAM BUERCK, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Theresa Barberto filed this lawsuit asserting claims for violations of her constitutional rights under 42 U.S.C. § 1983, conspiracy under 42 U.S.C. § 1985, and violations of state law. [Docs. 1, 6]. This matter is now before the Court on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP motion") and for review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). After careful consideration of the record, the Court will grant the IFP motion [Docs. 2, 7], waive the filing fee, dismiss the Complaint [Docs. 1, 6], and direct plaintiff to file an Amended Complaint.

**I. Legal Standard for Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), any portion of a complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from an immune defendant must be dismissed. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is not sufficient "if it tenders naked assertions devoid of further factual enhancement." *Id.*

When reviewing a complaint filed by a self-represented person under § 1915, the Court accepts the well-pleaded facts as true. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Although *pro* se complaints are liberally construed, they must still contain sufficient facts to support the claims advanced, and the court will not assume facts not alleged. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**II. Discussion**

Plaintiff alleges that defendant William Buerck, acting as a City of Perryville Animal Control Officer, violated her constitutional rights "including unlawful seizure of property, deprivation of due process, and retaliatory or abusive enforcement actions." [Doc. 7 at ¶ 3]. She also asserts a municipal liability claim against the City of Perryville based on Buerck's actions. Although plaintiff alleges that her property was unlawfully seized without a warrant or due process, she offers no factual support for this allegation. She does not identify the property that was seized, when or how it was seized, or what happened to it. Similarly, she fails to allege facts supporting her claim that Buerck engaged in retaliatory and abusive enforcement actions in response to the exercise of her rights to petition and speak out regarding animal control practices. The Complaint is

devoid of factual allegations supporting plaintiff's claims. As a result, the Complaint will be dismissed for failure to state a claim.

However, the Court will grant plaintiff leave to file an Amended Complaint within 21 days. The Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). If plaintiff files an Amended Complaint, she should include sufficient ***factual*** allegations against each defendant to show what the defendant did or failed to do that violated her constitutional rights. She must support each of her claims with facts.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [Docs. 2, 7] is **GRANTED** and the filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall file an Amended Complaint within 21 days. If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. Fed. R. Civ. P. 41(b);

**SO ORDERED** this 9th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE